IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COREY JACKSON, 42489-177, § | |
| Petitioner, § | |
| § | 3:15-CV-2060-K |
| v. § | 3:10-CR-0286-K |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Corey Jackson's ("Petitioner's") petition to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255.

I.  Procedural background

Petitioner pled guilty pursuant to a plea agreement to possession of a controlled substance with intent to distribute (count one) and possession of a firearm by a convicted felon (count two). The Court determined Petitioner was a Career Offender and that the advisory guideline range for count one was 188 to 235 months, and for count two was 110 to 135 months. The statutory maximum for count two, however, was 120 months. On February 16, 2012, the Court sentenced Petitioner to 110 months on each count, to run concurrently. Petitioner did not file an appeal.

On June 5, 2015, Petitioner filed the instant § 2255 petition. He claims he received ineffective assistance of counsel when:

1. Counsel failed to advise Petitioner regarding how his criminal history category would be calculated; and

2. Counsel failed to object to the PSR's criminal history category calculation.

On August 13, 2015, the government filed its answer. On October 16, 2015, Petitioner filed an addendum and reply. On February 23, 2016, Petitioner filed a second addendum arguing his sentence was unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2016). On April 7, 2016, the government filed a response to the second addendum. On April 26, 2016, Petitioner filed a reply. On May 26, 2016, Petitioner filed a second reply. The Court now finds the petition should be dismissed as barred by the statute of limitations.

## II.  Discussion

### 1.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

|     | Court and made retroactively applicable to cases on collateral review; or |
| --- | --- |
| (4) | the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. |

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(1). The Court entered judgment on February 16, 2012. Petitioner did not file an appeal. His conviction therefore became final on March 1, 2012. *See* FED. R. APP. P. 4(b)(1)(A)(I). Petitioner then had one year, or until March 1, 2013, to file his § 2255 petition. He did not file his petition until June 5, 2015. Under § 2255(1) his petition is untimely.

Petitioner argues his petition is timely under § 2255(4). Under that section, the limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner states that on or about March 3, 2012, he was transferred into state custody, and the state prison law libraries did not have a copy of the AEDPA. He claims he did not know about the one-year limitations period. He states he was transferred back to federal custody on August 13, 2014. The "facts" underlying Petitioner's claim, however, involve Petitioner's claim that the calculation of his criminal history category was incorrect. Petitioner knew, or should have known, of this claim at the time he reviewed the PSR, and at the latest, should have know of the claim during sentencing. Petitioner's argument that his claims are timely under § 2255(4) is without merit.

Finally, to the extent Petitioner argues under § 2255(2) that a government impediment prevented the timely filing of his petition, the claim is without merit. Petitioner alleges the state prison law libraries did not have a copy of the AEDPA, so he was unaware of the one-year statute of limitations. Although the Fifth Circuit, in *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003), found tolling based on an inadequate prison library, courts have limited *Egerton* to its narrow set of facts. In *Egerton*, the petitioner was incarcerated prior to the enactment of the AEDPA, and after the AEDPA's enactment, the state prison failed to have a copy of the statute in the law library. The petitioner was therefore unaware of the AEDPA's enactment. In this case, at the time Petitioner was convicted, the AEDPA had been in effect for sixteen years. As stated by another court in this district:

> Like all individuals convicted after the enactment of the AEDPA, [petitioner] had unfettered access to legal materials, including the AEDPA, for several years prior to his incarceration as well as access to counsel during State pretrial and trial proceedings. Thus, he cannot show that his circumstances are analogous to the *Egerton* case, which involved an inmate whose incarceration began prior to the enactment and effective date of the one-year time limit for seeking federal habeas corpus relief, and whose only available source from which he could have learned such information was the prison law library which was concededly inadequate.

*Lewis v. Quarterman*, No. 3:08-CV-1753-P, 2009 WL 1883424 at *3 (N.D. Tex. June 30, 2009); *see also Romero v. Thaler*, No. 2:10-CV-075, 2010 WL 2366025 at *3 (N.D. Tex. May 25, 2010) ("Now that the AEDPA has been in effect for over a decade, it is unlikely that a prisoner could successfully rely upon *Egerton*, which was fact-specific to a prisoner

dealing with a new law and no copy of the statute."). Petitioner's claims are therefore untimely.

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

As stated above, Petitioner states he did not have access to the AEDPA while in state custody, that the state prison law libraries were inadequate, and that he did not know about the one-year limitations period under the AEDPA. A prisoner's lack of knowledge of the filing deadlines, lack of legal training, or *pro se* status, however, does not support equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Claims of inadequacies of the law library do not support equitable tolling. *Fisher v. Johnson*, 174

F.3d 710, 714 (5th Cir. 1999); *Tate v. Parker*, 439 Fed Appx. 375, 376 (5th Cir. 2011). Further, to obtain equitable tolling, Petitioner must show that he diligently pursued his habeas remedies. *United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009). Petitioner states he was transferred into federal custody on August 13, 2014, but did not file his § 2255 until almost a year later, on June 5, 2015. Petitioner has failed to show diligence in this case. *See*, *Fisher* 174 F.3d at 715 (5th Cir. 1999) (stating equity "is not intended for those who sleep on their rights"). Petitioner has not shown rare and exceptional circumstances justifying equitable tolling in this case.

3.  *Johnson v. United States*

In Petitioner's second addendum, he raised the new claim that his sentence is unlawful under the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague.

Petitioner was not sentenced under the ACCA. *Johnson* therefore does not apply to his case. Instead, Petitioner was sentenced as a career offender under USSG § 4B1.1. (PSR ¶ 51; Sent. Tr. at 19-21.) Although USSG § 4B1.1 contains a residual clause similar to the ACCA, Petitioner was not sentenced under the residual clause. Instead, the PSR found that Petitioner met the career offender criteria because he had at least two qualifying enumerated convictions including a Texas conviction for "robbery by threats," which qualified as a crime of violence under the Career Offender guidelines,

and a Texas conviction for possession with intent to deliver a controlled substance which qualified as a controlled substance offense under the Career Offender guidelines. (USSG § 4B1.2, comment (n.1); PSR ¶¶ 51, 62.) *Johnson* therefore does not apply to Petitioner's case. To the extent Petitioner disputes the Court's determination that Petitioner's prior convictions constituted a crime of violence and a controlled substance offense, these claims are barred by the statute of limitations as discussed above.

### III.    Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are **DENIED** with prejudice.

SO ORDERED.

Signed August 20th, 2016.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE